## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **DEMMERICK E. BROWN,** | ) | |
| **a.k.a. DENRICK ERIC BROWN,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **OPINION AND ORDER** |
| | ) | Case No. 7:22cv00247 |
| **HAROLD W. CLARKE, et al.,** | ) | |
| Defendants. | ) | By:  Pamela Meade Sargent |
| | ) | United States Magistrate Judge |
| | ) | |

In this prisoner civil rights action pursuant to 42 U.S.C. § 1983, the pro se prisoner plaintiff has attempted to join in one case unrelated legal claims, concerning separate and unrelated events and defendants.  This practice is inconsistent with the Federal Rules of Civil Procedure, *see* FED. R. CIV. P. 18, 20,  and the filing fee requirements of the Prison Litigation Reform Act, ("PLRA").  For the reasons herein explained, the court will sever the Complaint into two separate civil actions, have them docketed as such, and require the plaintiff, if he intends to pursue the second civil action, to consent to paying the filing fee through installment payments from his inmate trust account, as he has done in the present case.

I.

The plaintiff, Demmerick E. Brown, is primarily asserting § 1983 claims against a group of defendants employed at Nottoway Correctional Center, ("Nottoway"), and the administrative offices of the Virginia Department of Corrections, ("VDOC"), in Richmond, stemming from events that occurred in June 2020 at Nottoway.  As a result of those events, Brown was part of an emergency

transfer of inmates from Nottoway to Red Onion State Prison, ("Red Onion"). Thereafter, for nearly a year, Brown remained confined at Red Onion, a higher security level facility than his security rating suggested was appropriate for him. Seven of Brown's eight claims in this civil action relate to these events and are directed against Nottoway or Richmond defendants.  Brown also alleges that in August 2020, three employees at Red Onion denied him due process related to a prison rule infraction for which he was fined.  As relief in the case, Brown seeks compensatory damages, expungement of all disciplinary reports and other materials used against him during classification and parole proceedings in September 2020, and reimbursement of his Red Onion disciplinary fine.

## II.

The present Amended Complaint is not consistent with Federal Rules of Civil Procedure Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action.  Rule 18(a) *only* allows a plaintiff to join "as many claims as it has against an [one] opposing party" (emphasis added).  On the other hand, Rule 20 allows the joinder of several parties *only* if the claims arose out of the same transaction or occurrence or series thereof *and* contain a question of fact or law common to *all* the defendants.  *See* FED. R. CIV. P. 20.  Thus, if the claims arise out of different transactions and do not each involve all defendants, joinder of the claims in one lawsuit should not be allowed.

Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question."  *Green v. Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009).  These procedural rules

apply with equal force to pro se prisoner cases.  Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" *Green*, 2009 WL 484457, at *2 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

In addition, to allow Brown to pay one filing fee, yet join disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in the face of the letter and spirit of the PLRA.  PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner — through prepayment or through partial payments withheld from the inmate's trust account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious or as stating no claim for relief.  *See gen.* 28 U.S.C. §§ 1915(b), (e), and (g), and 1915A.  "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims."  *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).  Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA."  *Green*, 2009 WL 484457, at *2.

To allow plaintiff to essentially package two or more lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement.[1]

Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to sever claims. *See* Fed. R. CIV. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may . . . sever any claim against a party"). Thus, the court has inherent power to control its docket and the disposition of its cases with "economy of time and effort" for the court and the parties. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

As stated, Brown's Complaint may not proceed as it is presently constituted, because it improperly joins together multiple claims and multiple defendants. It is, in fact, two separate lawsuits bundled into one omnibus Complaint: one lawsuit asserting seven separate claims about the events on June 28, 2020, at Nottoway that led to Brown's transfer to Red Onion and related events thereafter, all allegedly involving Nottoway or Richmond defendants, and another lawsuit asserting a claim about one disciplinary proceeding at Red Onion, involving only Red Onion staff.[2] Accordingly, the court will sever Brown's Complaint into two separate lawsuits. Claims I, II, III, IV, VI, VII, and VIII, against Nottoway and/or Richmond

---

[1] *See also Green*, 2009 WL 484457, at *3 ("To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be [a] "strike" under 28 U.S.C. § 1915(g).")

[2] The fact that the court has referred to Brown's groups of allegations as "claims" should *not* be taken as any evidence that he has alleged facts stating any meritorious claim for relief under the Constitution and 42 U.S.C. § 1983.

defendants will remain in this case, but the Complaint will be docketed again in a new and separate civil action in which only Claim V against Red Onion defendants will be considered. The court will provide Brown with the new case number, once it has been assigned.

This Opinion and Order does not address the possible merit of any of Brown's claims he has pled in the Complaint, and it does not deprive him of his right to litigate any of those claims. He simply may not litigate his unrelated claims against all these defendants in this single lawsuit, while being held accountable for only one filing fee. If Brown chooses to proceed with the severed claim in the new, separate lawsuit, he will be required to consent to payment of a filing fee in that lawsuit, as he has done in this case. If he does not wish to proceed with two lawsuits, he may decline to consent to pay the filing fee for the new lawsuit and continue only with this lawsuit concerning Nottoway and Richmond defendants. Or if he does not wish to proceed with this lawsuit once it is severed into two cases, he may file a motion to voluntarily dismiss the case.

III.

In accordance with this Opinion, it is **ORDERED** as follows:

1.     Brown's Claims I, II, III, IV, VI, VII, and VIII, as designated in the Complaint, against Nottoway and/or Richmond defendants, and his Claim V against Red Onion defendants, are hereby **SEVERED** into two separate civil actions for all future proceedings;

2.      The present case, No. 7:22cv00247, **SHALL** now include only Claims I, II, III, IV, VI, VII, and VIII, and defendants Harold W. Clarke, David A. Robinson, George M. Hinkle, Mark Amonett, Christopher J. Gensinger, D. Call, W. Jarrett, S. J. Coilberson, and A. Jackson, related to the June 28, 2020, group demonstration at Nottoway and Brown's transfer to, and detention at, Red Onion for several months thereafter, related to the Nottoway incident;

3.      The Clerk is **DIRECTED** to docket in a new and separate civil action a copy of the Complaint, a copy of this Opinion and Order (as an attachment to the Complaint), the Motion for Leave to Proceed in forma pauperis, the Prisoner Trust Account Report, and the Statement of Assets, (Docket Item Nos. 3 and 4); and this new case **SHALL** include only Claim V, concerning a rule infraction charged against Brown at Red Onion in early August 2020, and the subsequent disciplinary proceedings, involving the Red Onion defendants—Karen Stapleton, L.A. Mullins, B. Famer, and John Doe;

4.      In the new civil action, the court will issue an order requiring Brown to execute and return a Consent to Fee form agreeing to pay the $350.00 filing fee for that new civil action if he intends to pursue the case raising Claim V;

5.      If Brown does *not* intend to pursue the current civil action which now includes only Claims I, II, III, IV, VI, VII, and VIII, against the Nottoway and Richmond defendants, he **MAY SUBMIT** within 14 days from the date of the entry of this Order a Motion for Voluntary

Dismissal of this civil action, No. 7:22cv00247, without prejudice.  If he does not withdraw this action within the allotted time, the court will direct the Clerk to order collection of the $350 filing fee for this case to begin.

The Clerk will mail Brown a copy of this Opinion and Order.

**ENTERED:**        June 27, 2022.

/s/ *Pamela Meade Sargent*

UNITED STATES MAGISTRATE JUDGE